IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201<br><br>**Plaintiff,**<br><br>v.<br><br>**All Day Medical Care Clinic, LLC**<br>702 Russell Ave., Suite 100<br>Gaithersburg, MD 20877<br><br>**Defendant.** | **Civil Action No.**<br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charlene Fisher ("Fisher"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant All Day Medical Care Clinic, LLC ("Defendant") unlawfully discriminated against Fisher by denying to her reasonable accommodation and terminating her because of its need to make reasonable accommodation and because of her disability, low vision.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability corporation doing business and operating within the District of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Fisher filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. On or around November 29, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On or around February 26, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§12112(a) and 12112(b)(5)(A) beginning around November 7, 2022 when it refused to reasonably accommodate Fisher, and terminated her from her position of Scheduling Assistant because of her disability and because of Defendant's need to make reasonable accommodation to her disability.

    a.    At all relevant times, Fisher was an individual with a disability as defined by the ADA.

    b.    On November 7, 2022, Fisher joined Defendant as a Scheduling Assistant. Prior to her employment with Defendant, she enjoyed multiple years in an Administrative Support capacity with another health care provider.

    c.    Upon joining Defendant's workforce, Fisher notified Defendant of her low vision disability, described below:

        i.    Fisher's vision has been impaired since birth, requiring childhood surgery to correct strabismus, a condition in which her eyes do not align properly. The surgery was unsuccessful.

        ii.    Fisher underwent another surgery in the 1990s, radial keratotomy, to correct severe myopia. This surgery also was unsuccessful and Fisher developed scar tissue from the incisions, diminishing her vision further.

        iii.    Fisher functioned under an IEP throughout school, due to her low vision. She spent her summers in camps for the blind and visually impaired.

        iv.    Fisher's vision is 20/200 in her left eye and 20/80 in her right eye.

        v.    Fisher's vision is not corrected by prescription lenses. She is unable to read print without Optelec Magnification. She is unable to view a computer screen without Zoomtext software. Because of this impairment, her major life activities of seeing and reading are substantially impaired.

      vi.    Fisher was diagnosed with lupus in 2020, creating enhanced risk for detached retinas in both eyes and thereby requiring her to be followed by a retina specialist every six months.

      vii.    Fisher also has developed cataracts and glaucoma, further compromising her vision.

    d.    On November 7, 2022, the same day Fisher began her employment with Defendant, she notified Defendant's Chief Executive Office ("CEO") of her disability and her need for an accommodation -- Optelec Magnification and Zoomtext software.

    e.    A few hours later that same day, November 7, 2022, Defendant's CEO advised Fisher that she should have disclosed her disability and need for accommodation during her interview; that had she done so, things may have turned out differently. She thereupon told Fisher to leave.

    f.    Within a matter of hours, Fisher's caseworker from the Department of Rehabilitation Services contacted Defendant's CEO and offered to install and pay for the software which would have enabled Fisher to perform her job. The caseworker shared that Fisher enjoyed the job and wished to remain employed.

    g.    Fisher also followed up with Defendant's CEO the evening of November 7, 2022, by telephone and email, but received no response.

    h.    Defendant's CEO stood by her decision not to accommodate Fisher nor to allow her to return to work.

    i.    On November 7, 2022, Defendant terminated Fisher because of her disability and because of its obligation to accommodate her disability.

j.   Fisher was qualified to perform the essential functions of the Scheduling Assistant position for Defendant as defined by the ADA.

14.   The effect of the practices complained of above in Paragraph 13 has been to deprive Fisher, who was, at all times, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages and benefits, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

15.   The unlawful employment practices complained of above were intentional.

16.   The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Fisher.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.   Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.   Order Defendant to make whole Fisher by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement; and consequential damages;

D.   Order Defendant to make whole Fisher by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above;

E.   Order Defendant to make whole Fisher by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.   Order Defendant to pay Fisher punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

G.   Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    KARLA GILBRIDE
    General Counsel

    GWENDOLYN REAMS

Associate General Counsel

CHRISTOPHER LAGE
Deputy General Counsel


/s/
_____
DEBRA M. LAWRENCE
Regional Attorney



UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
debra.lawrence@eeoc.gov
Bar No. 04312
(410) 801-6691